

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

April 30, 1965

Honorable Joe Resweber
County Attorney
Harris County
Harris County Courthouse
Houston, Texas

Opinion No. C-428

Re: Whether it is proper for
the County Clerk to
require an additional
costs deposit of the
appellee for any certi-
fied copies that he
requests to go to the
District Court as the
result of a perfected
appeal from the Probate
Court.

Dear Sir:

You have requested an opinion from this office in which you asked:

"Is it proper for the County Clerk to require an additional costs deposit of the appellee for any certified copies that he requests to go to the District Court as the result of a perfected appeal from the Probate Court?

"If the preceding question is answered in the negative, what is the proper method of collecting the fee for the preparation of the said certified copies?"

Article 3930, Vernon's Civil Statutes, provides in part:

"Clerks of the County Court may receive not to exceed the following fees:

". . .

"Recording, transcribing or copying all papers or records required or permitted by law to be recorded, transcribed or copied, with or without certificate and seal, for each 100 words, not otherwise provided for . . ."

Rule 336, Texas Rules of Civil Procedure, provides for transcript on appeal from county court to district court as follows:

"The party desiring to appeal, within ten days from the date of rendition of the decision, order, decree or judgment appealed from, shall file with the county clerk a written direction as to the matters which he deems necessary to a review of the county court ruling appealed from, to be included in a transcript. Within five days after receipt of a copy of such direction any other interested party may so file a written direction to include in the transcript additional portions of the proceedings. The county clerk shall thereupon immediately prepare under his hand and seal of the court a transcript consisting of a true copy of the proceedings so designated. The appealing party shall file such transcript with the clerk of the district court within thirty days from the date of rendition of the decision, order, decree or judgment so appealed from. Provided, that upon the filing of a motion in the county court within such thirty day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record, or any part thereof.

"Whenever the county judge is of the opinion that original papers or exhibits should be sent to the district court, either in lieu of a transcript or in connection therewith, he may make such order therefor, and for the safekeeping, transmittal and return thereof as he deems proper. The district court may by like order direct the county clerk to send to it any original paper or exhibit deemed necessary for purposes of review.

"If the county judge shall order original papers or exhibits sent to the district court in lieu of a transcript, a certified copy of such order, together with such papers and exhibits, shall be transmitted by the county clerk to the district clerk within thirty days from the date of rendition of the decision, order, decree or judgment appealed from.

". . ." As amended by order of April 12, 1962, effective Sept. 1, 1962.

You will note that "the party desiring to appeal, . . . shall file with the county clerk a written direction as to the matters which <u>he</u> deems necessary to a review of the county court ruling appealed from, <u>to be included in a transcript</u>. Within five days . . . <u>any other interested party may so file a written direction to include in the transcript additional portions of the proceedings.</u> The county clerk shall thereupon immediately prepare under his hand and seal of the court a <u>transcript consisting of a true copy of the proceedings so designated.</u> . . ."

The above then becomes the transcript of the proceedings and is then filed with the district clerk. You will note that the appellee has the right to have included in the transcript additional portions of the proceedings.

Rule 333, Texas Rules of Civil Procedure, requires a bond.

"Except in cases specified in Sec. 29 of the Texas Probate Code, the party desiring to appeal shall, within fifteen days from the date of rendition of such decision, order, decree or judgment appealed from, file with the county clerk a bond with two or more good and sufficient sureties, to be approved by the county clerk, payable to the county judge in an amount to be fixed by the county judge, conditioned that the appealing party shall prosecute said appeal with effect, and perform the decision, order, decree or judgment which the district court shall make thereon in case the cause shall be decided against him; or in lieu of a bond, the party desiring to appeal may deposit with the clerk cash in the amount so fixed by the county judge, and in that event the clerk shall file among the papers his certificate showing that the deposit has been made, and copy such certificate in the transcript if one is prepared, and this shall have the force and effect of an appeal bond." As amended by order of April 12, 1962, effective Sept. 1, 1962.

It therefore follows that the bond is security for any costs incurred in preparing a transcript for an appeal from the probate court to the district court, and the County Clerk is not authorized to require an additional cost deposit

Hon. Joe Resweber, page 4 (C-428)

for the preparation of same.

Your second question is answered by our opinion on your first question.

<u>SUMMARY</u>

It is not proper for the county clerk to require an additional cost deposit of the appellee for any certified copies that he requests to go to the district court, as the bond required by Rule 333, Texas Rules of Civil Procedure (except in cases specified in Sec. 29 Texas Probate Code) is security for any cost incurred in preparing a transcript to perfect an appeal from the probate court to the district court.

Yours very truly,

WAGGONER CARR
Attorney General

By _John H. Banks_
John H. Banks
Assistant

JHB:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Bill Allen
W. O. Shultz
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone